IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ONE BANK & TRUST                                                                PLAINTIFF

v.                                  CASE NO. 4:11CV00582 BSM

WILLIAM D. BONILLA, Individually, and
JONATHAN BONILLA, as Successor Trustee of the
William D. Bonilla Irrevocable Trust                                            DEFENDANTS


WILLIAM D. BONILLA, Individually, and
JONATHAN BONILLA, as Successor Trustee of the
William D. Bonilla Irrevocable Trust                                    THIRD-PARTY PLAINTIFFS

v.

THE BURGESS GROUP, INC.,
STEVEN BURGESS, ELIZABETH BURGESS,
PACIFIC LIFE INSURANCE COMPANY, and
RON YOUNG                                                              THIRD-PARTY DEFENDANTS

## ORDER

Defendants William D. Bonilla and Jonathan Bonilla's motion to remand [Doc. No. 11] is GRANTED.

## I. BACKGROUND

Plaintiff One Bank & Trust, N.A. filed a complaint in state court against the Bonillas on April 1, 2011. The Bonillas answered on June 20, 2011, and impleaded third-party defendants The Burgess Group, Inc., Steven Burgess, Elizabeth Burgess (hereinafter collectively, "the Burgesses"), Pacific Life Insurance Company, and Ron Young. The third-party defendants were served no later than July 12, 2011, and the Burgesses removed the

action to federal court on July 22, 2011. Neither Ron Young nor Pacific Life consented to the removal. The Bonillas move to remand on the grounds that the removal was filed by a third-party defendant without the consent of all defendants. The Burgesses contend that removal was proper.

## II. LEGAL STANDARD

The jurisdiction of federal courts is narrowly confined and must be established as a threshold matter. *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir.1998). The burden of establishing federal subject matter jurisdiction rests upon the party seeking removal and opposing remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). When faced with a motion for remand, a district court is required to "resolve all doubts about federal jurisdiction in favor of remand." *Id.*

## III. DISCUSSION

Removal was improper, and the case should be remanded to state court from which it was removed.

Although the Fifth and Eleventh Circuits disagree, the majority rule is that third-party defendants brought into a state action by the original defendant may not remove the case to federal court. 14C Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure* § 3730, at 432-34 (4th ed. 2009). The Eighth Circuit appears to have adopted this view in *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991). Furthermore, longstanding precedent in this district accords with the majority rule. *See Fiblenski v. Hirschback Motor*

*Lines, Inc.*, 304 F. Supp. 283, 285 (E.D. Ark. 1969).

The Burgesses were made third-party defendants in this action while it was pending in state court. Therefore, they are not "defendants" within the meaning of 28 U.S.C. § 1441 and had no power to remove the action to federal court. The Bonillas' consent arguments need not be addressed.

Accordingly, the Bonillas' motion to remand is GRANTED, and this case is hereby remanded to the Circuit Court of Pulaski County, Arkansas, and all other motions are denied as moot.

IT IS SO ORDERED this 8th day of September 2011.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE